Opinión disidente emitida por el
Juez Asociado Señor Re-bollo López.
La Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece, en lo pertinente, que la firma de un abogado en un escrito equivale “a certificar el haber leído el escrito; que de acuerdo con su mejor conocimiento, información y creencia [el escrito] está bien fundado; y que [dicho escrito] no ha sido interpuesto para causar demora u opresión”. Esta disposición reglamentaria establece, además, que la “violación voluntaria de esta regla por parte de un abogado dará lugar a la imposición de sanciones en su contra”. (Én-fasis suplido.) Id.
Si la mera firma de un abogado en un escrito establece, por decirlo así, una “presunción” de que el abogado está actuando con honestidad, corrección y de buena fe, ¿qué significado o consecuencias debe tener la situación en que un abogado afirma ante el tribunal, bajo juramento, que no recibió determinada correspondencia?
Al contestar esta interrogante, debe mantenerse pre-sente que si el abogado miente a esos efectos, bajo jura-mento, en un escrito que presenta ante el tribunal, no sólo podrá ser sancionado desde un punto de vista ético, sino *964 que también podrá ser acusado y convicto del delito de perjurio. Ello, a nuestro juicio, no sólo hace más creíble y confiable la afirmación realizada por el abogado, en esta clase de situación, sino que constituye una prueba sufi-ciente para rebatir la presunción que establece la Regla 16(24) de Evidencia, 32 L.RR.A. Ap. TV, a los efectos de que “una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad”.
Así, lamentablemente, no lo entiende una mayoría de los integrantes del Tribunal al denegar el recurso de certio-rari presentado por la peticionaria PR Retail Stores, Inc. Es por ello que disentimos.
I
El recurrido, César Rivera González, presentó una de-manda por despido injustificado ante la Sala Superior de Utuado del. Tribunal de Primera Instancia. El 31 de mayo de 20.07, el tribunal de instancia dictó sentencia en la que declaró “con lugar” la demanda. Esta sentencia fue notifi-cada a las partes el 4 de junio de 2007. El 11 de junio de 2007, la peticionaria PR Retail Stores, Inc. presentó dos mociones: una de reconsideración y otra de determinacio-nes de hechos adicionales.(1) Según surge del expediente, el tribunal de instancia denegó ambas mociones, notificando dicho dictamen el 31 de agosto de 2007.
El 10 de octubre de 2007, la representación legal del demandante recurrido envió una carta al abogado de la peticionaria PR Retail Stores, Inc. para solicitar el pago del importe de la sentencia. Mediante esta carta, la peti-cionaria supuestamente tuvo conocimiento, por primera vez, de la denegatoria de sus mociones. Ese mismo día pre-sentó ante el tribunal una moción urgente para una nueva notificación. El tribunal de instancia, expresando que am- *965 bas mociones habían sido resueltas el 27 de agosto de 2007 y notificadas el 31 de agosto de 2007, declaró “sin lugar” la moción de una nueva notificación.
Posteriormente, la peticionaria presentó una “Moción al amparo de la Regla 49.2 de Procedimiento Civil”, en la cual solicitó que se dejara sin efecto la notificación del 31 de agosto de 2007. En la moción incluyó una declaración ju-rada del Ledo. Ismael E. Marrero, representante legal de la peticionaria, alegando que.nunca recibió la notificación de la resolución mediante la cual se denegaron ambas mociones.(2) El tribunal de instancia declaró “no ha lugar” la moción de relevo de sentencia, según los fundamentos siguientes:
1. La notificación del Tribunal se envió a la dirección de récord.
a) Todas las notificaciones anteriores fueron recibidas.
2. La notificación no fue devuelta por el servicio postal.
3. Presunción de que una carta dirigida y .cursada por co-rreo debidamente, fue recibida en su oportunidad. Apéndice de la Petición de certiorari, pág. 43.
Inconforme, la peticionaria acudió al Tribunal de Apela-ciones mediante un recurso de certiorari. Ese foro se negó a expedir el auto solicitado.
Mediante el recurso, la peticionaria recurre ante este Foro para alegar que el Tribunal de Apelaciones erró
... al resolver que la presunción que establece la Regla 16(24) de Evidencia de Puerto Rico, no fue rebatida con la declaración jurada sometida por la parte demandada; y en tal forma, permitir el quebrantamiento del debido procedimiento de ley. Petición de certiorari, pág. 3.
*966 II
Una presunción es “una deducción de un hecho que la ley autoriza a hacer o requiere que se haga de otro hecho o grupo de hechos previamente establecidos en la acción”. 32 L.P.R.A. Ap. IV, R. 13(A). En cuanto al efecto de una pre-sunción en un caso civil, la Regla 14 de Evidencia, 32 L.P.R.A. Ap. IV, establece:
En una acción civil, una presunción impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. Si la parte contra la cual se establece la presunción no ofrece evidencia para demostrar la no existencia del hecho presumido, el juz-gador debe aceptar la existencia de tal hecho. Si se presenta evidencia en apoyo de la no existencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir al juzgador de que es más probable la no existencia que la existencia del hecho presumido.
La Regla 16(24) de Evidencia, supra, contiene algunas de las presunciones permitidas en nuestro ordenamiento jurídico. En lo pertinente, establece “[q]ue una carta diri-gida y cursada por correo debidamente, fue recibida en su oportunidad”. Id.
Por su parte, la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, provee un mecanismo para que una parte pueda solicitar el relevo de una sentencia, resolución u or-den en su contra, siempre que se cumpla con una de las causales allí enumeradas y se presente dentro de un tér-mino de seis meses de haberse registrado la sentencia.
Al momento de evaluar la procedencia de la moción, el tribunal tiene el deber de tomar en consideración ciertos criterios inherentes a la regla, entre estos: (a) si el peticio-nario tiene una buena defensa en sus méritos; (b) “el tiempo que media entre la sentencia y la solicitud del relevo[; (c)] el perjuicio que sufriría la parte contraria si se concede el relevo[,y (d)] el perjuicio que sufriría la parte promovente de no ser concedido el remedio solicitado(En-fasis suplido.) Pardo v. Sucn. Stella, 145 D.P.R. 816, 825 (1998).
*967 III
La moción de relevo, presentada al amparo de las dispo-siciones de la citada Regla 49.2 por la parte peticionaria en el caso, cumple de forma cabal con, por lo menos, tres de los cuatro criterios que debe considerar un tribunal al resolver esta clase de moción, conforme la jurisprudencia de este Tribunal. Pardo v. Sucn. Stella, ante. Es un hecho incontrovertible que no transcurrió mucho tiempo entre la orden emitida y la presentación de la solicitud del relevo. En segundo término, la parte demandante no sufre perjui-cio real alguno si se concede dicha solicitud, ya que, si le asiste la razón, eventualmente le será concedida a nivel apelativo. Por último, no hay que abundar mucho sobre el perjuicio que sufre la parte peticionaria si se confirma la denegatoria de su moción de relevo.
De otra parte, no podemos pasar por alto, u obviar, las muchas circunstancias que pueden ocurrir, respecto al en-vío de la correspondencia, que impiden que ésta llegue a su destino; sobre todo cuando consideramos que el factor hu-mano está presente. Meramente a manera de ejemplo, po-demos señalar: la falta de envío por personal del propio tribunal; el extravío por el propio sistema de correo; el de-pósito de la correspondencia en un apartado, oficina o re-sidencia equivocado, etc.
Es por ello que, respecto a la presunción establecida por la Regla 16(24) de Evidencia, supra, creemos que la decla-ración jurada del abogado de la peticionaria, a los efectos de que nunca recibió la notificación, es suficiente para re-batir la presunción establecida por la disposición regla-mentaria. (3)
*968 ¿De qué otra manera puede probarse que no se recibió la correspondencia? Esto es, la conclusión no puede ser de otra manera. Determinar que la afirmación hecha por un abogado, bajo juramento, de que no recibió una correspon-dencia es insuficiente para rebatir la presunción que esta-blece la antes citada Regla 16(24) de Evidencia, supra, equivale a devaluar a la honrosa profesión de la abogacía’, sobre todo cuando consideramos que se trata de un compa-ñero que ha practicado la profesión por treinta y ocho años.
No podemos suscribir tal actuación. Es por ello, repeti-mos, que nos vemos en la obligación de disentir vehementemente.

 Como es sabido, y conforme lo establece la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, una moción de determinaciones de hechos adicionales interrumpe el término para apelar.

 En la fecha cuando se notificó la resolución del tribunal, denegatoria de la moción bajo la Regla 43.3 de Procedimiento Civil, 32 .L.P.R.A. Ap. IL, comenzó a decursar, nuevamente, el término que tenía la parte peticionaria para revisar la sentencia.

 Resulta procedente señalar que el profesor Rafael Hernández Colón —en su tratado sobre Derecho Procesal Civil: Práctica Jurídica de Puerto Rico, San Juan, Ed. Michie, 1997, See. 4809, pág. 306— al comentar sobre las “otras razones” que justifican la concesión de un remedio contra los efectos de una sentencia que esta-blece la citada Regla 49.2 de Procedimiento Civil, específicamente señala que incluirá la “circunstancia en que se encuentra una parte que no pueda apelar por haber *968 transcurrido el término, pero pueda demostrar fehacientemente ... que, como cuestión de hecho, no fue notificada de la misma dentro del término para apelad’. (Énfasis suplido.)
Dicho argumento o razonamiento se aplica, por analogía, a la situación que plantea este caso.